David Edward **TERRILL**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–15885.

Court of Criminal Appeals of Oklahoma.

April 5, 1972.

**126**

Carroll Samara, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., Paul Crowe, Legal Interne, for appellee.

BRETT, Judge:

Appellant, David Edward Terrill, hereinafter referred to as defendant as he appeared in the trial court, was convicted by jury verdict in the District Court of Okla-homa County, case number CRF 69–401, of second degree burglary, after former conviction of a felony, and sentenced to twenty-five years imprisonment. Judgment and sentence was imposed on February 5, 1970, and this appeal perfected therefrom.

Defendant was charged with unlawfully breaking and entering a coin-operated cigarette vending machine, located in the basement of the Kerr-McGee Building, Oklahoma City, on February 21, 1969, without the owner's permission and with intent to steal. The evidence established that on February 21, 1969, two security guards, located in the lobby on the ground floor of the Kerr-McGee Building, were notified by an alarm system that the cigarette vending machine in the basement of the building was being burglarized. The security guards then turned off the power to the building elevators and stationed themselves at the only exit from the basement. Shortly thereafter the defendant and two other individuals attempted to exit the basement, but were stopped by the security guards. One of the guards testified that when he apprehended the defendant he could smell liquor on the defendant's breath, and it appeared that defendant was under the influence of something. The police were summoned and upon their arrival the defendant was searched. The search disclosed one carton of cigarettes on the defendant's person but revealed no weapons, tools, or other instruments that might have been used to open the machine.

The general manager of the Canteen Service Company, which owned and operated the cigarette vending machine in the Kerr-McGee Building, testified that this machine had been broken into without his permission. He further related that his tax number was stamped on each package of cigarettes dispensed by the machine. He further testified that the machine, properly operated by depositing coins, dispensed only packages of cigarettes and not cartons. He stated that it was the usual practice to place unbroken cartons of cigarettes in the machine for inventory purposes, and that the

cartons were later broken so that the individual packages would be dispensed.

 It is defendant's first contention that it was error for the prosecuting attorney to open the carton of cigarettes admitted into evidence, since the carton's contents, individual packages of cigarettes, had not each been identified by a witness. Defendant cites no controlling authorities in support of his proposition and we are of the opinion that no error was committed in this regard. It appears that the carton of cigarettes found on defendant's person immediately after the burglary of the cigarette machine was admitted into evidence in the same condition as when taken from the defendant. After the carton had been admitted into evidence the prosecuting attorney subsequently opened the carton, revealing the individual packages of cigarettes bearing the tax number of the owner of the cigarette machine. We cannot say that opening the carton was unduly prejudicial to the defendant, nor did it deny him any constitutional or statutory right; nor did it deny him the right of confrontation. Accordingly, we find this contention to be without merit.

It is defendant's second and final contention that the sentence imposed is grossly excessive and was the result of passion and prejudice against the defendant. Defendant does not cite any instances of impropriety in the conduct of his trial which could be deemed prejudicial as inciting passion and prejudice on the part of the jury. The trial was conducted in a two-stage proceeding, in which after the defendant had been found guilty of burglarizing the machine the jury was advised of defendant's other former felony convictions. However, under the facts and circumstances herein, a sentence of twenty-five years punishment for theft of one carton of cigarettes does appear to be excessive punishment; therefore, we believe the proper administration of justice dictates that the sentence herein should be modified from twenty-five years to fifteen years;

and as modified the judgment and sentence is affirmed.

BUSSEY, P. J., specially concurring:

I would affirm the judgment and sentence without modification.

SIMMS, J., concurs.